JOHN A. DEMPSTER, APPELLEE, v. F. OPOCENSKY, APPELLANT.

FILED MAY 7, 1908. No. 15,177.

1. **Mutual Insurance Companies: SOLVENCY.** In determining the financial condition of an insurance company organized under the natural premium or mutual assessment plans, its probable income from premiums upon policies issued must be taken into consideration.

2. ———: CONDITIONS PRECEDENT. The statute does not make the procuring of securities, nor the depositing thereof with the state auditor, conditions precedent to the doing of business by an insurance company.

3. ———: CONTRACTS. Different writings taken together may constitute a single contract.

APPEAL from the district court for Knox county: JOHN F. BOYD, JUDGE. *Affirmed.*

*E. A. Houston,* for appellant.

*O. W. Rice, W. L. Henderson* and *Richard S. Horton,* contra.

EPPERSON, C.

In 1899 plaintiff was agent for the Bankers Reserve Life Association, and as such procured the defendant's application for $5,000 of insurance upon his life. With the application defendant gave to said association his certain promissory note for the first year's premium, payable in instalments after the delivery of the policy of insurance applied for. Although the policy was delivered promptly, defendant never paid any part of his note. It was sold and assigned to the plaintiff herein, who brought this action to recover the amount therein promised. Defendant alleged that plaintiff as agent for the association obtained the note through the fraudulent representations that the association was a good, reliable and solvent insurance company, and that it had complied with the statutes of this state relating to life insurance companies, and that said representations were false. The plaintiff admits the making of the representations alleged by defendant, but alleges that the same were true. A jury was waived, and a trial had to the court, resulting in a judgment for plaintiff, from which defendant appealed.

The defendant relies upon the statement filed by the association with the auditor of public accounts for the year 1899 to sustain his defense that the association was

not a good, reliable and solvent insurance company. It appears from this evidence that the association had on hand in cash or its equivalent $8,176.12; that there was due it gross premiums for the year 1899 and deferred premiums of the value of $2,395.79. The estimated premiums for the year 1900 for insurance then in force is estimated at $22,896.33. The liabilities consisted of death claims in process of adjustment amounting to $3,000. There was $15,275 due to officers or others for advances made in the organization of the association; also liabilities designated thus: "Promotion fund advances to expense fund for promotion fees since incorporation, to be repaid from said fund, ledger cash items $356.24; suspense account items $1,621.47." The association was organized in 1897 under the provisions of chapter 42, laws 1895, for the purpose of conducting a general life and accident insurance business upon the natural premium or mutual assessment plan. The evidence does not show that in 1899 it had a great amount of assets on hand over and above its contingent liabilities. But, considering the plan of insurance conducted by the association, it could not be expected to have accumulated within two years from its organization any great amount of surplus or reserve fund. The income from the payments of premiums upon policies of life insurance issued is necessarily relied upon by insurance companies as a source of revenue. It is the principal asset of companies organized under the plan adopted by the Bankers Reserve Life Association; and in determining the financial condition of such association its probable income from that source must be taken into consideration. The evidence in this case discloses that the insurance company was solvent.

Complaint is made that the company has no mortgages or other securities on deposit with the state auditor. The statute does not make the owning and depositing of securities a condition precedent to the doing of business by insurance companies organized on the natural premium or mutual assessment plans. It is only upon the

accumulation of moneys for the purpose of the fulfilment of its policies that such securities need be procured and deposited. Ann. St. 1907, sec. 6476. There is no evidence that the insurance company had accumulated such fund, and its failure to deposit such securities does not establish the fact that it is either insolvent or that it has violated the provisions of the statutes.

Complaint is further made that the association's articles of incorporation, its by-laws, and defendant's application are not attached to or incorporated in the defendant's policy, although the articles of incorporation provide that they are parts of the contract of insurance. This contention also is untenable. Different writings taken together may constitute a single contract.

We therefore recommend that the judgment of the district court be affirmed.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.